UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————

ERIC M. HAWKINS,

        Plaintiff,

    v.

SANDRA AMOIA, *Deputy Superintendent of Erie County Correctional Health*; JOHN GARCIA, *Erie County Sheriff;* JOHN DOE, *Physician Assistant at Erie County Holding Center;* JANE DOE #1*, Nurse Practitioner at Erie County Correctional Facility;* JANE DOE #2*, Nurse Practitioner at Erie County Correctional Facility;* and LIEUTENTANT GROVES,

        Defendants.[1]

———————————————————

Case # 25-CV-6300-FPG

ORDER

*Pro se* Plaintiff, Eric M. Hawkins ("Plaintiff"), an inmate incarcerated at the Green Haven Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 and the United Nations Human Rights Treaty.  ECF No. 1.  The complaint was screened pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b) (the "initial screening order").  ECF No 7.[2]

The initial screening order dismissed Plaintiff's claims arising under the United Nations Human Rights Treaty and Plaintiff's claims against the Erie County Correctional Facility and Erie County Correctional Health with prejudice.  *Id.* at 1.  The balance of his claims were also dismissed but with leave to file an amended complaint.  *Id.* at 1-2.

———————————————————

[1] The Clerk of Court is directed to amend the caption as set forth above.

[2] Plaintiff's familiarity with the initial screening order is presumed and will only be repeated as necessary.

Before the Court is Plaintiff's amended complaint. ECF No. 11. Having screened the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)-(b), the Court concludes the following claims may proceed to service: Plaintiff's Fourteenth Amendment deliberate indifference claims against John Doe Physician Assistant and Jane Doe #1 Nurse Practitioner in their individual capacities; and Plaintiff's First Amendment access to courts claims against Lieutenant Groves in his individual capacity for the missed court appearances between March and May 2025. The remaining claims raised in the amended complaint are dismissed.

## DISCUSSION

A court shall dismiss a complaint in a civil action in which a prisoner seeks redress from a governmental entity, or an officer or employee of a governmental entity, if the court determines the action "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2); *see* 28 U.S.C. § 1915(e)(2)(B) (setting forth the same criteria for dismissal). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (quoting *Gomez v. USAA Federal Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999)). Permission to amend, however, "is not required where the plaintiff has already been afforded the opportunity to amend." *Bivona v. McLean*, No. 9:19-CV-0303(MAD)(TWD), 2019 WL 2250553, at *5 (N.D.N.Y. May 24, 2019) (citing cases); *Cancel v. New York City Hum. Res. Admin./Dep't of Soc. Servs.*, 527 F. App'x 42, 44 (2d Cir. 2013) (summary order) ("[T]he district court had already permitted [the plaintiff] to amend his complaint once, and nothing in his amended complaint suggested that he would be able to state a valid . . . claim if he were granted leave to

2

amend a second time. Therefore, granting [the plaintiff] leave to amend his amended complaint as to these claims would have been futile.").

I.      **THE AMENDED COMPLAINT**

Plaintiff alleges that he was incarcerated at the Erie County Holding Center beginning on February 13, 2024. ECF No. 11 at ¶1. During his intake interview with Nurse Jane Doe #1, Plaintiff explained that "he was suffering from excruciating neck and shoulder nerve pain and needed his prescribed medication (Gabapentin) he had been taking prior to his arrest." *Id.* at ¶2. Nurse Jane Doe #1 informed him that she would first need to obtain his medical records and that "the only thing she could do . . . was . . . issue Advil or Tylenol." *Id.* at ¶¶3-4. Over the next two days he made similar complaints to Nurse Jane Doe ##2, 3, and 4. *Id.* at ¶¶5-7. But on February 15, 2024, "all Nurse[]s . . . refused to issue anymore Advil or Tylenol for his neck and shoulder nerve pain." *Id.* at ¶7. A few days thereafter, Plaintiff was seen by John Doe Physician Assistant, who said he "would look into Plaintiff's medication issues, plus check [his outside] medical records," but there was never any follow-up. *Id.* at ¶¶ 8, 11. John Doe Physician Assistant only offered Plaintiff "over-the-counter medication he professionally knew would not relieve Plaintiff's excruciating nerve pain[.]" *Id.* at ¶9.

On March 14, 2024, Plaintiff was moved to the Erie County Correctional Facility, and he continued his complaints to Nurse Jane Doe #5. *Id.* at ¶12. But she similarly told Plaintiff that they would need to obtain his medical records and offered him "non-effective, over-the-counter Advil or Tylenol medication." *Id.* at ¶13. He was seen a week later by Nurse Practitioner Jane Doe #1, who refused to provide her name and did not wear an identification badge in violation of the law. *Id.* at ¶14. She failed to provide any medication to Plaintiff to relieve his pain and claimed to not have his outside medical records. *Id.* Thereafter, Plaintiff filed "many more sick-call slips"

because his pain was "unbearable." *Id.* at ¶15. He eventually had a sick-call visit with Nurse Jane Doe #6, who claimed to not have Plaintiff's medical records, refused to provide her name, and refused to tell him when he was scheduled to see the Nurse Practitioner. *Id.* at ¶16.

A month later, Plaintiff was seen again by Nurse Practitioner Jane Doe #1, who falsely stated that his medical records showed that he was last proscribed Gabapentin in May 2023, and "therefore she could not prescribe it," when in fact he last refilled his prescription for Gabapentin in January 2024. *Id.* at ¶17. When Plaintiff asked for an x-ray or MRI to diagnose his condition, Nurse Practitioner Jane Doe #1 stated, "Oh we cannot afford that . . ." *Id.* at ¶18.

"After approximately [three] months of torturous nerve pain, Plaintiff's painful condition started to subside to the point he could find a way to continually deal with it." *Id.* at ¶24. "However, [i]t still bothered Plaintiff and he continued to file sick-call slips and complain." *Id.* He later "started going through torturous pain hell again. This lasted for several months with sick-call slips filed and continuous complaining for relief." *Id.* at ¶25.

On August 16, 2024, while still a pretrial detainee, Plaintiff was served with a divorce action. *Id.* at ¶26. Lieutenant Groves facilitated Plaintiff's virtual appearance for a court proceeding in March 2025. *Id.* at ¶32. But a Default Trial Notice and Order was issued because Lieutenant Groves failed to facilitate Plaintiff's other appearances in March and April 2025. *Id.* at ¶ 33. Instead, the wrong inmate was produced for the virtual appearances. *Id.* On May 5 and 19, 2025, the Erie County Correctional Facility also failed to produce Plaintiff in-person for appearances in Monroe County Court, resulting in the Matrimonial Referee holding him in "Default for failure to obey the 'body order' to appear." *Id.* at ¶37. As a result, Plaintiff lost "all marital assets and . . . family heirlooms." *Id.* at ¶38. Plaintiff informed Lieutenant Groves, but "he simply brushed it off as nothing[.]" *Id.*

In June 2025, a bunk search was conducted of Plaintiff's cell, after which he "realized [that] his legal and medical paperwork was missing or taken[.]"  *Id.* at ¶40.  Plaintiff spoke to Sargeant John Doe who stated that "he would look into [his] complaint," but Plaintiff "never got a response."  *Id.* at ¶41.

Plaintiff seeks to hold Sandra Amoia ("Amoia") and John Garcia ("Garcia") responsible "under the doctrine of 'Respondeat Superior[.]'"  *Id.* at ¶42.  Amoia "allows all [of] her medical employees to work and incompetently treat pretrial . . . detainee's medical problems, plus, without wearing identification badges as the law mandates."  *Id.* at ¶43.  Garica maintains a "regulations manu[a]l that his Deputies must follow" for producing pretrial detainees for court appearances and confiscating legal work and medical documents.  *Id.* at ¶44.  Garcia also "allow[ed] Deputies to search Plaintiff's bunk-area and unlawfully confiscate all his legal papers and medical document[s]" and "den[ied] Plaintiff his court appearances."  *Id.* at ¶46.  Plaintiff was transferred to Elmira Correctional Facility on July 7, 2025.  *Id.* at ¶47.

### A.    Municipal Liability

To the extent Plaintiff sues the individual defendants in their official capacities, this is the functional equivalent of a suit against their employer, the County of Erie.  *See Coon v. Town of Springfield*, 404 F.3d 683, 687 (2d Cir. 2005) ("[A] § 1983 suit against a municipal officer in his official capacity is treated as an action against the municipality itself." (citing *Brandon v. Holt*, 469 U.S. 464, 471–73 (1985))).

As discussed in the initial screening order, a municipality cannot be held liable under section 1983 unless the challenged action was undertaken pursuant to a municipal policy or custom.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).  To state such a claim, a plaintiff must plead three elements: "(1) an official policy or custom that (2) causes the plaintiff to

be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995) (quoting *Batista v. Rodriguez*, 702 F.2d 393, 397 (2d Cir. 1983)).

The amended complaint, however, does not allege any facts suggesting that Plaintiff's rights were violated pursuant to a policy or custom of Erie County. Plaintiff alleges that Garcia had a "regulations manu[a]l," but there are no allegations that anything in the manual led to the violation of his constitutional rights. ECF No. 11 at ¶44. Plaintiff therefore has failed to state a viable claim of municipal liability, and the official capacity claims against the defendants are dismissed.

**B.     Fourteenth Amendment Deliberate Indifference to a Serious Medical Need**

As discussed in the initial screening order, claims involving the denial of medical care to a pretrial detainee are analyzed under the Due Process Clause of the Fourteenth Amendment. *See Darnell v. Pineiro*, 849 F.3d 17, 29-35 (2d Cir. 2017). A Fourteenth Amendment medical indifference claim requires a pretrial detainee to plausibly allege two elements: an objective prong demonstrating the existence of a "serious medical need," and a "*mens rea*" prong that defendants "acted with deliberate indifference to such needs." *Charles v. Orange County*, 925 F.3d 73, 86 (2d Cir. 2019) (citing *Estelle v. Gamble*, 429 U.S. 97, 105 (1976); *Darnell*, 849 F.3d at 29).

The amended complaint sufficiently alleges that Plaintiff suffered from severe nerve pain—a sufficiently serious medical condition. *See Funderburke v. Canfield*, No. 13-CV-6128-FPG, 2016 WL 831974, at *6 (W.D.N.Y. Feb. 29, 2016) (a plaintiff's testimony about the daily pain he suffered when he was deprived of his nerve pain medication was sufficient at summary judgment to create a genuine issue of material fact as to whether plaintiff's pain was sufficiently serious). It also states a colorable claim that certain defendants acted with deliberate indifference—defined objectively—to that medical need. *See Darnell*, 849 F.3d at 35.

John Doe Physician Assistant is alleged to have known of Plaintiff's pain and that the over-the-counter medication given to Plaintiff did not relieve that pain. ECF No. 11 at ¶¶8-9. Despite having the authority to prescribe effective pain medication, John Doe Physician Assistant took no action to treat Plaintiff. ECF No. 11 at ¶¶8-10. Similarly, Jane Doe #1 Nurse Practitioner refused to identify herself to Plaintiff, falsely reported when Plaintiff last received Gabapentin, and indicated that a basic diagnostic test was unavailable because of the cost. *Id.* at ¶¶17-18.

"Mere disagreement over the proper treatment does not create a constitutional claim" provided that "the treatment given is adequate." *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998). Read liberally, the allegations here are sufficient at this stage to tip toward Plaintiff having received inadequate medical treatment, rather than a mere disagreement over whether over-the-counter pain medications were sufficient to treat Plaintiff's pain. *See Rizzuto v. Morley*, No. 9:23-CV-515 (BKS/PJE), 2025 WL 2726609, at *5 (N.D.N.Y. Sept. 25, 2025) ("[A] plaintiff may establish deliberate indifference by showing that a doctor denied medications based solely on costs, and not on actual medical need.") (citing cases). The deliberate indifference claims against John Doe Physician Assistant at the Erie County Holding Center and Jane Doe #1 Nurse Practitioner at the Erie County Correctional Facility may therefore proceed to service.

Plaintiff's allegations, however, fail to demonstrate the personal involvement of Amoia or Garcia in the deliberate indifference to Plaintiff's serious medical needs. His reliance on "respondeat superior," ECF No. 11 at ¶42, is insufficient to establish the personal involvement of these supervisory officials. *See Ying Li v. City of New York*, 246 F. Supp. 3d 578, 638 (E.D.N.Y. 2017) ("[T]he doctrine of respondeat superior is not available to render a supervisor liable under Section 1983 for the unconstitutional conduct of his subordinates." (citing *Connick v. Thompson*, 563 U.S. 51, 60 (2011)). Further, the caption of the amended complaint identifies Jane Doe #2

7

Nurse Practitioner at the Erie County Correctional Facility as a defendant, but there are no allegations in the amended complaint concerning her personal involvement. The allegations only address the conduct of Jane Doe #1 Nurse Practitioner. *See* ECF No. 11 at ¶14 (identifying Jane Doe #1 Nurse Practitioner as "Defendant #2"). The claims against these defendants—Amoia, Garcia, and Jane Doe #2 Nurse Practitioner—are therefore dismissed.

### C.   First Amendment Access to Courts

The initial screening order explained that in order to plausibly allege a First Amendment denial of access to courts claim, a plaintiff must demonstrate "that a defendant caused 'actual injury,' *i.e.*, took or was responsible for actions that 'hindered . . . efforts to pursue a [non-frivolous] legal claim[.]'" *Monsky v. Moraghan*, 127 F.3d 243, 247 (2d Cir. 1997) (quoting *Lewis v. Casey*, 518 U.S. 343, 349, 351 (1996)); *see Kaminski v. Semple*, 796 F. App'x 36, 39 (2d Cir. 2019) (summary order) ("Actual injuries include the dismissal of a complaint for a technical deficiency that would have been cured with appropriate legal facilities, or that a prisoner was 'stymied' from bringing an arguably actionable claim by the 'inadequacies of the law library.'" (quoting *Lewis*, 518 U.S. at 351)). A plaintiff must also allege that the actual injury was the result of deliberate and malicious conduct. *See Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003); *DeMeo v. Tucker*, 509 F. App'x 16, 18 (2d Cir. 2013) (summary order).

As set forth in the initial screening order, Plaintiff's allegation that a default judgment was entered against him in his matrimonial because he was not produced for court proceedings is sufficient to establish an actual harm. *See Chinloy v. Seabrook*, No. 14-CV-350 (MKB), 2014 WL 1343023, at *2 (E.D.N.Y. Apr. 3, 2014) ("Plaintiff must allege facts that show that his missed court appearance actually hindered his pursuit of a legal claim or resulted in some form of actual harm."). The amended complaint also contains sufficient facts to suggest that the failure to

produce Plaintiff for court proceedings was due to something other than mere negligence. For instance, Plaintiff explains that whereas Lieutenant Groves facilitated his virtual court appearance in March 2025, he inexplicably produced the "wrong inmate" for multiple other court appearances in March and April 2025, resulting in a "Default Trial Notice and Order." ECF No. 11 at ¶¶32-33.

Plaintiff also alleges that he was not produced for subsequent Monroe County Court appearances on May 5 and 19, 2025, resulting in the issuance of a "Default for failure to obey the 'body order' to appear." *Id.* at ¶37. Liberally interpreted, the complaint also appears to attribute these failures to Lieutenant Groves. *Id.* at ¶38. While Lieutenant Groves is not expressly identified in the caption of the amended complaint, the Court interprets the amended complaint as alleging a colorable First Amendment access to courts claim against Lieutenant Groves.

Plaintiff also points to Garcia as having responsibility for him missing court proceedings, but he offers nothing to establish Garcia's personal involvement in these failures apart from his status as the Erie County Sheriff. *See Dorlette v. Wu*, No. 3:16-CV-318 (VAB), 2019 WL 1284812, at *10 (D. Conn. Mar. 20, 2019) ("[A] supervisory title does not establish . . . personal involvement . . . .").

Finally, Plaintiff appears to attempt to append an access to courts claim arising from the June 2025 seizure of legal documents from his cell. ECF No. 11 at ¶¶39-40. Insofar as Plaintiff fails to identify any actual injury from the loss of these documents, he fails to state an access to courts claim.

For these reasons, Plaintiff's First Amendment access to courts claim may proceed to service against Lieutenant Groves for the missed court proceedings from March through May 2025, but Plaintiff's access to courts claims are otherwise dismissed.

## CONCLUSION

For the reasons set forth above, Plaintiff's Fourteenth Amendment deliberate indifference to a serious medical need claims against John Doe Physician Assistant and Jane Doe #1 Nurse Practitioner in their individual capacities and First Amendment access to courts claims against Lieutenant Groves in his individual capacity arising from missed court appearances between March and May 2025 may proceed to service.  All remaining claims are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

Although leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), "it is within the sound discretion of the district court to grant or deny leave to amend." *Kim v. Kimm*, 884 F.3d 98, 105 (2d Cir. 2018) (citation modified).  And "[w]hen a plaintiff was aware 'of the deficiencies in his complaint when he first amended,' he 'clearly has no right to a second amendment . . . .'" *Nat'l Credit Union Admin. Bd. v. U.S. Bank Nat'l Ass'n*, 898 F.3d 243, 257 (2d Cir. 2018) (quoting *Denny v. Barber*, 576 F.2d 465, 471 (2d Cir. 1978)).

Because the initial screening order provided a roadmap describing what Plaintiff needed to allege to successfully plead his claims, and there is no suggestion in the amended complaint that another opportunity to replead would produce colorable claims, at this time, the Court denies Plaintiff a second opportunity to amend.  *See Williams v. Baxter*, No. 22-CV-6117-EAW, 2023 WL 5584345, at *3 (W.D.N.Y. Aug. 29, 2023) (after apprising the plaintiff of the deficiencies in his complaint and putting him on "the plainest notice of what was required," the court denied a second opportunity to amend (quoting *Denny*, 576 F.2d at 471)).

## ORDER

IT HEREBY IS ORDERED that the Clerk of Court is directed to amend the caption as it appears above and to terminate Sandra Amoia, John Garcia, and Jane Doe #2 Nurse Practitioner at the Erie County Correctional Facility as Defendants; and it is further

ORDERED that Plaintiff's Fourteenth Amendment deliberate indifference to a serious medical need claims against John Doe Physician Assistant and Jane Doe #1 Nurse Practitioner in their individual capacities may proceed to service; and it is further

ORDERED that Plaintiff's First Amendment access to courts claims against Lieutenant Groves in his individual capacity arising from missed court appearances between March and May 2025 may proceed to service; and it is further

ORDERED that the remaining claims are dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); and it is further

ORDERED that pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d Cir. 1997), the Erie County Attorney is requested to ascertain the full name, with correct spelling, and last known service address of John Doe Physician Assistant at the Erie County Holding Center, Jane Doe #1 Nurse Practitioner at the Erie County Correctional Facility, and Lieutenant Groves within 30 days of the date of this Order. The County Attorney need not undertake to defend or indemnify this individual at this time. Rather, this Order merely provides a means by which Plaintiff may name and properly serve this defendant, as instructed by the Second Circuit in *Valentin*.

The County Attorney shall produce the information specified above within 30 days of the date of this order by mail to the *Pro Se* Litigation Unit (United States District Court, Robert H. Jackson United States Courthouse, 2 Niagara Square, Buffalo, New York 14202). Should the *Valentin* response return personally identifiable information such as a home address, that contact

information shall be given to the Marshals Service solely for the purpose of effecting service; this information will otherwise remain confidential; and it is further

ORDERED that upon receipt of this information from the Erie County Attorney, the Clerk of Court shall amend the caption of this action to reflect the full names of these Defendants and cause the United States Marshals Service to serve copies of the Summons, Amended Complaint, ECF No. 11, and this Order upon John Doe Physician Assistant, Jane Doe #1 Nurse Practitioner, and Lieutenant Groves without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor, and it is further

ORDERED that the Clerk of Court is directed to forward a copy of this Order and the amended complaint, ECF No. 11, by email to Erie County Attorney Jeremy Toth (Jeremy.Toth@erie.gov); and it is further

ORDERED that, pursuant to 42 U.S.C. § 1997e(g), Defendants are directed to answer or otherwise respond to the amended complaint upon service; and it is further

ORDERED that Plaintiff shall notify the Court in writing if his address changes. The Court may dismiss the action if Plaintiff fails to do so.

SO ORDERED.

Dated: March 10, 2026

HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York